# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CARROLL FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-4036-CV-C-NKL |
| ) | |
| STATE OF MISSOURI, DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Both parties have filed motions for sanctions [Docs 97 & 99]. For the reasons stated below, Plaintiff's motion will be granted and Defendant's motion will be denied.

**I.    Background**

In this case, Plaintiff Carroll Franklin ("Franklin") sued the Missouri Department of Corrections' ("MDOC") for sexual harassment. In its defense, the MDOC alleged that the sexual conduct of its superintendent at the Chillicothe prison was welcomed by Franklin, a subordinate employee at the facility.

The MDOC was represented by Virginia Murray (Murray), an assistant Missouri Attorney General. Near the beginning of her cross-examination of Franklin, Murray asked Franklin whether she had been "counseled" by Supervisor Rose Derrickson for having placed in a co-worker's desk a "nudie magazine" or "nudist brochure" featuring "pictures of larger naked women or full-figured women." (Pl. Ex. A, [attached to Doc. 97], pp. 5-6.) The co-worker was described by Murray as a trainee. Immediately afterward, Murray asked

Franklin whether she had been sent to sexual harassment training. Both the timing of the question and the manner in which Murray asked it implied to the jury and the undersigned that Franklin had been sent to sexual harassment training as a result of the adult brochure incident.

After several additional questions were posed to Franklin by Murray, Franklin's counsel asked to approach the bench. There, she objected to the reference to the brochure incident because nothing had been disclosed during discovery or at anytime before trial about the brochure incident. After giving both parties an opportunity to explain their respective positions, the Court granted Franklin's motion for a mistrial. Franklin subsequently filed her Motion for Sanctions.

Franklin has requested sanctions because the MDOC, through Murray, failed to disclose the adult brochure incident to Franklin, despite being asked to do so in her first set of interrogatories. The Interrogatories and the MDOC's answers are as follows:

### A. Interrogatory 2

Does Defendant claim that Plaintiff is or has been the subject of any complaints or deficiencies related in any manner to her work performance with Defendant or any aspect thereof?

_____ Yes \_\_\_X\_\_ No

If your answer is "yes," please identify each and every person with knowledge of each complaint or deficiency, describe the nature and substance of the complaint or deficiency, the date or dates of the complaint or deficiency is claimed to have occurred, and identify any and all documents related to each such complaint or deficiency.

(Pl. Ex. B, [attached to Doc. 97], p. 2.)

### B. Interrogatory 7

Please identify each and every written and/or oral complaint received by Defendant, or of which Defendant was aware, concerning in any manner any claimed violation of Defendant's sexual harassment, fraternization, and/or antiretaliation policy by James Washington, or by any other employee at Chillicothe Correctional Center from January 1, 1997 to the present. For each such complaint, provide the following information: a) name and last known address of complainant; b) a description of Defendant response to such complaint; c) whether the complaint was written or oral; d) the identity of the person to whom complaint was made; and e) the substance and date of complaint.

ANSWER: Objection. Defendant objects to this interrogatory as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further, this interrogatory seeks information contained in closed records pursuant to § 610.021 RSMo that is confidential and not discoverable.

(Pl. Ex. B, [attached to Doc. 97], pp. 5-6.)

### C. Interrogatory 8

Does defendant contend that Plaintiff engaged in any behavior or conduct that Defendant contend reflects in any way that 1) Plaintiff participated in any conduct of a sexual nature, including without limitation, sexual comments, sexual jokes, sexual banter, sexual gestures or sexual contact; or 2) that Plaintiff considered any conduct of others of a sexual nature to be welcome. If the answer is "yes," for each of the conduct, behavior or incidences claimed to have occurred, please provide a description thereof, the date(s) or time(s) claimed to have occurred; the names of each and every person who observed or otherwise witnesses such behavior or conduct; the date and time such conduct or incident occurred; the location of such conduct, behavior, or incident; and identify any and all such documents related to such conduct, behavior, or incident.

ANSWER: Objection. Defendant objects to this interrogatory as being overly broad and unduly burdensome. However, subject to and without waiving any objection, defendant states "yes."

> Defendant knows plaintiff to have engaged regularly in the exchange of sexually laced banter, jokes, innuendo, comments, and the like, throughout the course of her employment at Chillicothe. Many staff members at Chillicothe saw and/or heard plaintiff engage in such behavior. At no time did anyone make defendant aware of any allegedly harassing behavior at Chillicothe, or its putatively unwelcome nature, until defendant's prompt and prudent investigation of James Washington's behavior following an allegation of fraternization.

(Pl. Ex. B, [attached to Doc. 97], pp. 6-7.)

## II. Discussion

### A. Franklin's Motion for Sanctions [Doc. 97]

The Court finds that sanctions are warranted because MDOC failed to disclose the adult brochure incident in response to Franklin's Interrogatory 2 and Murray and MDOC failed to supplement the answer to that interrogatory, as required by Rule 26(e)(2), prior to discussing the brochure incident in open court.

#### 1. The MDOC's Violation of Disclosure Requirement

The MDOC has argued that it did not need to disclose the adult brochure incident in response to Interrogatory 2 because Interrogatory 2 asked about complaints, and the adult brochure incident is not properly classified as a "complaint." However, the scope of Interrogatory 2 was not limited to "complaints." Rather, Interrogatory 2 asked for the disclosure of "complaints *or deficiencies* related in any manner to [Franklin's] work performance with Defendant or any aspect thereof." (emphasis added). Even if the passing of an adult brochure to a co-worker was not the subject of a complaint, it certainly was a deficiency according to MDOC policies and procedures.

Nor can the MDOC argue that the adult brochure incident did not involve "work performance." Indeed, the transcript of the trial reveals that the MDOC thought or communicated that the incident was related to work performance:

> Q. And Rose Derrickson, she's a Functional Unit Manager, correct?
>
> A. Yes.
>
> Q. And at different times, Rose Derrickson has supervised you in your work as a caseworker, correct?
>
> A. Yes.
>
> Q. And there have been times when Rose Derrickson *has counseled you on your performance as a caseworker*, correct?
>
> A. Yes.
>
> Q. Okay. And Rose Derrickson a few years back counseled you after you put some type of nudie magazine or brochure in the desk of a man named Ron Caylor, didn't she?

(Tr. 165) (emphasis added).

The MDOC's current characterization of the scope of Interrogatory 2 constitutes "an effort by counsel . . . to cloud the refusal to produce documents . . . by stressing a hypertechnical interpretation of the interrogatory . . . ." *Ryan v. Board of Police Commissioners*, 96 F.3d 1076, 1082 (8th Cir. 1996) (finding that district court abused its discretion in admitting evidence that defendants failed to disclose during discovery). For the reasons discussed above, the MDOC's failure to supplement its response to Interrogatory 2, pursuant to Rule 26(e)(2), is a clear violation of the Federal Rules of Civil Procedure.

5

Because sanctions are being imposed based on the MDOC's response to Interrogatory 2, the Court will not discuss Interrogatories 7 and 8 except to note for future reference that a party who objects to an interrogatory is required to answer the interrogatory to the extent it is not objectionable. Fed. R. Civ. P. § 33(b)(1). The Advisory Committee Notes suggest that an overly broad interrogatory must be answered to the extent that a narrower interrogatory would not be objectionable:

> If, for example, an interrogatory seeking information about numerous facilities or products is deemed objectionable, but an interrogatory seeking information about a lesser number of facilities or products would not have been objectionable, the interrogatory should be answered with respect to the latter even though an objection is raised as to the balance of the facilities or products.

Advisory Committee Notes, Fed. R. Civ. P. § 33(b). Accordingly, even if the MDOC is correct that it would have been unduly burdensome for the MDOC to respond to Interrogatories 7 and 8, the MDOC was required to respond to the extent that such response would not be overly broad and unduly burdensome. The MDOC has not shown that disclosure of the adult brochure incident would have unduly burdened the MDOC. To the contrary, the fact that the MDOC used information regarding the incident to prepare for its cross-examination of Franklin demonstrates that the information was readily accessible to the MDOC prior to that cross-examination.

Furthermore, the MDOC had an obligation under Rule 26(e)(2) to supplement its responses to discovery requests. The fact that the MDOC objected to the interrogatory does not absolve it of the responsibility to supplement responses made. *See Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, 672 n.39 (D. Kan. 2004) (although

6

responding party properly objected to interrogatory, responding party was required to supplement its response after subsequent events occurred).

### 2. Sanctions are Warranted

The Court may impose sanctions for the MDOC's violation of the disclosure requirements. Specifically, the Court may prohibit the MDOC from using evidence of the adult brochure incident at trial, and may require the MDOC to pay reasonable expenses caused by the violations. Federal Rule of Civil Procedure 37(c)(1) provides as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), *or to amend a prior response to discovery as required by Rule 26(e)(2)*, is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1) (emphasis added). The Advisory Committee Notes state that the purpose of Rule 37(c)(1) is to "provide[ ] a strong inducement for disclosure of material that the disclosing party would expect to use as evidence . . . ."

There is no question that the MDOC's failure to disclose the required information was harmful, as it resulted in a mistrial. The mistrial was properly granted because Franklin was unprepared for the MDOC's line of questioning regarding the adult brochure incident. The MDOC took full advantage of Franklin's unpreparedness by implying that Franklin was sent to sexual harassment training because of the adult brochure incident. The illegitimacy of that implication became apparent only during the second trial, after Franklin's counsel

7

had properly been given the opportunity to prepare her case. Ultimately it was revealed that Franklin's sexual harassment training was unrelated to the adult brochure incident, and the brochure was not a "nudie magazine" at all. The brochure was an advertisement for a nudist vacation that a co-worker had picked up at Wal-Mart over the lunch hour and brought back to the office.

Because the MDOC has not shown substantial justification for its failure to amend its prior response to Franklin's Interrogatory 2, as required by Rule 26(e)(2), and because the failure was harmful and resulted in a mistrial, the Court finds that sanctions are appropriate in this case. *See Lindstedt v. City of Granby*, 238 F.3d 933 (8th Cir. 2000) (upholding sanctions for failure to respond to discovery requests). The Court has reviewed the list of fees and expenses provided by Franklin, and has determined that the requested fees and expenses are reasonable.

Although the MDOC's violation of disclosure requirements in the present case are sufficient independently to warrant sanctions, the Court notes that this is not the first time the MDOC has failed to produce documents to the opposing party in a case before this Court. During the trial of *Hunt v. State of Missouri Dep't of Corrections*, 99-4158-CV-C-5, the MDOC's lead counsel Sara Trower attempted to impeach a witness using an exhibit that the MDOC had not disclosed to the plaintiff. Virginia Murray, who was present during the *Hunt* trial, heard the Court discuss the importance, purpose and breadth of disclosing information to opposing counsel. The MDOC's repeated failure to identify documents, or produce information, to opposing counsel suggests a pattern of sanctionable misconduct. *See Johnson v. C.I.R.*, 289 F.3d 452, 456-457 (7th Cir. 2002) (in awarding attorneys' fees

8

for discovery abuses, trial court appropriately considered litigant's misconduct in prior cases, and would have been "remiss" for failing to consider such misconduct).

Although the Court finds that monetary sanctions are appropriate in this case, the Court did not exclude evidence of the adult brochure incident from trial, as Franklin requested. As discussed above, the purpose of discovery is to permit both sides to learn about all evidence relevant to the lawsuit. Trial by ambush is discouraged because facts, not strategy, should drive the resolution of litigation. Courts favor decisions that are based on the merits. By awarding attorneys' fees, the court has placed Franklin in the position she would have been had the MDOC properly produced the information about the brochure incident before trial. Franklin has been compensated for the time spent preparing for the first trial.

### B. The MDOC's Motion for Sanctions [Doc. 99]

The MDOC argues that Franklin should be sanctioned for representing to the Court that the MDOC violated the disclosure requirements. This argument, of course, depends on the assumption that the MDOC did not violate disclosure requirements—an argument that the Court has rejected for the reasons stated above. Accordingly, the MDOC's motion for sanctions will be denied.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Sanctions [Doc. 97] is GRANTED. The MDOC and Virginia Murray, individually, are ordered to pay Plaintiff a total of $31,572.11 in fees and costs. The obligation is joint and several. It is further

9

ORDERED that the MDOC and Virginia Murray are ordered to pay to the Clerk of the United States District Court for the Western District of Missouri a total of $4,646.30 to reimburse the Court for the jury costs of the first trial. The obligation is joint and several. It is further

ORDERED that Defendant's Motion for Sanctions [Doc. 99] is DENIED.

          s/ Nanette K. Laughrey
          NANETTE K. LAUGHREY
          United States District Judge

Dated: September 24, 2004
Kansas City, Missouri